IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL CLAY                                                    PETITIONER

V.                                    NO. 5:03CV00153 JLH/JWC

LARRY NORRIS, Director,                                         RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge
      (if such a  hearing is granted)  was not  offered at  the hearing before
      the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Michael Clay, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #4).[1]  Respondent concedes (docket entry #6) that the petition is timely and that Petitioner is in his custody and has exhausted all nonfutile state remedies.  See 28 U.S.C. §§ 2244(d), 2254(a) & (b). Because Petitioner's claims are without merit or procedurally barred, the petition should be dismissed.

### Background

Following a bench trial in July 1998 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of rape and was sentenced to fifteen years of imprisonment. (Pet'r Ex. H; Resp't Ex. 1.)[2]  In a direct appeal to the Arkansas Court of Appeals, Petitioner

---

[1]Petitioner, through counsel, sought and obtained Court permission to file his original § 2254 petition without his signature, with a signed petition to be submitted later (docket entries #1, #2, #3).  A substituted petition, bearing Petitioner's original signature, was later filed (docket entry #4).

[2]Petitioner's exhibits are attached to docket entry #4.  Respondent's exhibits, unless otherwise indicated, are attached to docket entry #6.

argued that the trial evidence was insufficient to support his conviction, as demonstrated by the trial court's comments during sentencing.  (Pet'r Ex. E.)  His conviction was affirmed. Clay v. State, No. CACR 98-1304, 1999 WL 390947 (Ark. Ct. App. June 9, 1999) (Pet'r Ex. A; Resp't Ex. 2) (hereinafter referred to as Clay I).

Petitioner then filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging that his trial counsel was ineffective for failing to move for conviction on the lesser offenses of third-degree carnal abuse and/or sexual misconduct, and for failing to subpoena Dr. Teresa Maxwell, who had examined the victim.   His Rule 37 petition was denied.  State v. Clay, No. CR 97-3974 (Pulaski Co. Cir. Ct. Jan. 5, 2001) (Pet'r Ex. B) (Clay II).  Petitioner appealed, and the Arkansas Supreme Court ordered rebriefing on the ground that Petitioner's addendum and abstract were deficient.  Clay v. State, No. CR 01-469, 2002 WL 368630 (Ark. Sup. Ct. Mar. 7, 2002) (Resp't Ex. 3) (Clay III).   Petitioner submitted a corrected addendum but included an abstract that was identical to the one previously found deficient.  (See Pet'r Ex. F.)  Finding that Petitioner had failed to correct the abstracting deficiency when given the opportunity to do so, the Arkansas Supreme Court affirmed the denial of post-conviction relief and then denied Petitioner's petition for rehearing.  Clay v. State, No. CR 01-469, 2002 WL 966130 (Ark. Sup. Ct. May 9, 2002), pet. for reh'g denied, 2002 WL 1150773 (Ark. Sup. Ct. May 30, 2002) (Pet'r Ex. C & D; Resp't Ex. 4) (Clay IV & V).

There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner then filed this federal habeas petition, advancing the following claims:

      1.     The evidence at trial was insufficient to support his conviction; and

2.      His trial attorney was ineffective for failing to ask the court to consider conviction of a lesser offense.

Respondent asserts that, as to Petitioner's first claim, this Court should defer to the Arkansas Court of Appeals' decision regarding the sufficiency of the evidence pursuant to 28 U.S.C. § 2254(d), and that the second claim is procedurally defaulted because Petitioner failed to properly present it to the state courts, see Coleman v. Thompson, 501 U.S. 722 (1991).

### Ground 1: Sufficiency of the Evidence

In the interests of finality and federalism, a federal habeas court is constrained by statute to exercise only a "limited and deferential review of underlying state court decisions." Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003). Thus, where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); **or** (2) "involved an unreasonable application" of clearly established federal law, id.; **or** (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). In evaluating a state court decision under § 2254(d), a federal habeas court must presume any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. Id. § 2254(e)(1).

A state court decision is "contrary to" federal law under § 2254(d)(1) if it applies a rule that contradicts the controlling Supreme Court authority or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a Supreme

Court case, but nonetheless reaches a different result.  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).  A state court's decision involves an "unreasonable application" of federal law under § 2254(d)(1) if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable," and a state adjudication may not be found unreasonable "simply because [the federal habeas] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  <u>Id.</u> at 409, 411.

As interpreted by the United States Supreme Court, the Due Process Clause of the Fourteenth Amendment guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979).  The evidence presented at a trial is constitutionally insufficient to convict only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  <u>Id.</u> at 324.  In making this determination, all of the trial evidence is to be viewed in the light most favorable to the state.  <u>Id.</u> at 319.  A reviewing court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and must defer to that resolution.  <u>Id.</u> at 326.

It is the responsibility of the trier of fact to reconcile conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  <u>Id.</u> at 319. The trier of fact is entitled to disbelieve uncorroborated or confused testimony, to take into account demeanor while testifying, and to consider whatever it concludes to

be perjured testimony as affirmative evidence of guilt; these determinations cannot be reviewed.  Wright v. West, 505 U.S. 277, 296-97 (1992).  See Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (in reviewing sufficiency of the evidence, a habeas court is not permitted to conduct its own inquiry into witness credibility; "that is a task reserved to the jury").

The substantive elements of state crimes are defined by state law.  Jackson, 443 U.S. at 324 n.16.  Petitioner was charged with rape pursuant to Ark. Code Ann. § 5-14-103(a)(1) (1997),[3] which criminalizes engaging in sexual intercourse or deviate sexual activity with a victim by forcible compulsion.  (R. 1.)[4]  Forcible compulsion is defined as any physical force or any express or implied threat of death, physical injury or kidnapping.  Ark. Code Ann. § 5-14-101(2).  Under Arkansas law, it is clear that the testimony of a rape victim, even without any corroboration, is sufficient to support a rape conviction.  Mills v. State, 95 S.W.3d 796, 800 (Ark. 2003); Johnson v. State, 25 S.W.3d 445, 450 (Ark. Ct. App. 2000).

Under § 5-14-103(a)(4), where the rape victim is under the age of fourteen, it is not necessary that any degree of force be employed.  Daffron v. State, 885 S.W.2d 3, 6 (Ark. 1994).  However, Petitioner was not charged under this provision of the rape statute, and the state court record is ambiguous as to the victim's age at the time of the alleged

---

[3] In 2001, the rape statute was amended and renumbered.  Unless otherwise indicated, the statutory references in this recommendation are to the 1997 version.

[4] All record references are to the record of Petitioner's state court proceedings, submitted as Resp't Ex. 5 to docket entry #7.

offense.[5]  Regardless of the discrepancies in the record, it is clear that the victim was no older than fourteen at the time of the sexual activity and that Petitioner was thirty-three. (R. 108.)

At trial, the victim testified that Petitioner was a neighbor and that, on June 1, 1997, he came to her house and offered to pay her five dollars to wash his dishes.  She and her younger brother then went to Petitioner's house, where she started washing dishes.  The victim said Petitioner gave the brother some candy and told him to stay in the living room. She said that Petitioner then grabbed her, took her to his bedroom, removed her clothes, laid her on the bed, held her hands down, and had sexual intercourse with her.  She said she tried to fight him off, told him he was hurting her, and asked him to stop.  (R. 26-29, 32, 53.)  She said she saw Petitioner later while at the washateria and he told her that, when they went to court, she better tell the court that he did not do anything to her.  She said he also offered her ten dollars for "a second time," and she said no.  (R. 31-32.)

At trial, the victim's brother also testified that Petitioner grabbed the victim, that she was trying to get away, and that he pushed her onto the bed.  The brother said he saw Petitioner on top of his sister and she was trying to fight him and was telling him to get off her.  (R. 55-56.)   A police detective testified that the brother told her that, later, the victim appeared to be upset and crying.  (R. 112-13.)

---

[5]Petitioner's trial was on June 8, 1998, and the victim testified that her birthday was June 4 and she had "just turned fifteen." (R. 23, 30.)  She testified that the alleged rape occurred on June 1 of the previous year (1997), right before her fourteenth birthday.  (R. 26, 30.)  According to defense counsel, police reports stated that she was fourteen at the time of the alleged rape, and the prosecutor stated, during sentencing, that the incident occurred on or "within a week time frame of" the victim's fourteenth birthday.  (R. 168.)  In Petitioner's direct appeal, the Arkansas Court of Appeals stated that the victim was less than fourteen years of age at the time of the offense.  Clay I, supra at *1. In post-conviction proceedings, the prosecutor stated that the Court of Appeals "made an error," and he agreed to proceed on the assumption that the victim was fourteen at the time of the offense.  (Pet'r Ex. G.)

The state also introduced a statement given by Petitioner to police on July 28, 1997, in which he admitted that he had sex with the victim on the date at issue but said it was consensual.  (R. 94-107.)  He also testified at trial that no force or threats were used and that the victim never said no or told him to stop.  (R. 127-34.)

At trial, the prosecuting attorney reiterated that Petitioner was being prosecuted for forcible rape only and was not charged with rape based on the victim's age, and the trial judge said he understood.  (R. 32-33.)  At the conclusion of the state's case, Petitioner moved for a directed verdict on the ground that the state had failed to present sufficient evidence of force.  The trial judge denied the motion without comment.  (R. 114-15.)  At the conclusion of all the evidence, Petitioner's attorney again argued that force had not been proven beyond a reasonable doubt.  (R. 146-51.)  The trial judge found Petitioner guilty, stating, "The Court finds [the victim] to be credible, finds Mr. Clay guilty."  (R. 152.)

According to the record, the sentencing range was ten years to life, with a presumptive sentence of 312 months (twenty-six years).  (R. 18-19, 159.)  At sentencing, Petitioner's counsel asked that the ten-year statutory minimum sentence be imposed due to the absence of any significant criminal history, Petitioner's acknowledgment of wrongdoing and his desire to contribute to society and be a good father for his young daughters, and the unlikelihood that he would commit any further crimes.  (R. 159-61.)  The trial judge imposed a 180-month (fifteen year) sentence.  The judge stated that he was extending some leniency due to "the possibility for rehabilitation" and because he "wasn't as persuaded of force as [he] was simply of age."  (R. 168-70.)

Petitioner argues here, as he did in state court, that the trial judge's comments demonstrated that he thought there was insufficient evidence of force.  In rejecting this argument, the Arkansas Court of Appeals stated the following:

> Appellant does not contest that there is sufficient evidence in the record to support a finding of forcible rape; instead, he argues that the trial judge was not actually persuaded beyond a reasonable doubt that the rape had been accomplished by forcible compulsion.  The question of reasonable doubt, however, is always for the trier of fact, and never for the appellate court to review.  Jackson v. State, 536 S.W.2d 716 ([Ark.] 1976).  Although appellant contends that the trial judge's statement is an unmistakable indication that he was not persuaded beyond a reasonable doubt that the rape was accomplished by force, this interpretation conflicts with the trial judge's actions.  The trial judge's statement at the sentencing proceeding was somewhat peculiar and puzzling, but it was at best an ambiguous statement of his views regarding the weight of the evidence that force had been employed.
>
> At trial, appellant testified and unequivocally admitted that he had sexual intercourse with the victim on the date in question.  The victim testified that it was not consensual sex, that she cried, told appellant to stop, tried to fight, and did whatever she could to make appellant stop.  Whatever the trial judge's views might have been concerning the relative strength of the evidence regarding the age of the victim and the use of force, the fact remains that he expressly found the victim to be credible, and denied motions for a directed verdict based on the sufficiency of the evidence of forcible compulsion.  We simply cannot base an opinion on the ambiguous musings of the trial court.  State v. Harvest, 762 S.W.2d 806 ([Ark. Ct. App.] 1989).

Clay I, supra at *1 [parallel citations omitted].

The legal standards set forth by the Arkansas Court of Appeals, while resting on state law, were not contrary to United States Supreme Court law under § 2254(d)(1).  See Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (it is not necessary for the state court to cite, or even be aware of, applicable United States Supreme Court opinions, as long as "neither the reasoning nor the result of the state-court decision contradicts them"); Sera v. Norris, 400 F.3d 538, 543 n.1 (8th Cir.), cert. denied, 74 U.S.L.W. 3210 (2005) (legal standards

applied by the Arkansas Supreme Court to assess sufficiency of the evidence are not contrary to United States Supreme Court precedent).  Moreover, neither party contends that the United States Supreme Court has addressed a case with facts that are "materially indistinguishable" from those involved here.  Therefore, the state appellate court's decision regarding the sufficiency of the evidence was not "contrary to" applicable United States Supreme Court law under § 2254(d)(1).

Furthermore, the Arkansas Court of Appeals' decision was not an unreasonable application of the governing federal law to the facts of Petitioner's case.  As stated earlier, under <u>Jackson</u>, it is the responsibility of the fact-finder to reconcile conflicting testimony, weigh the evidence, make credibility determinations, and draw reasonable inferences.  The inquiry under <u>Jackson</u> does not require a reviewing habeas court to ask whether *it* believes the evidence was sufficient to establish Petitioner's guilt beyond a reasonable doubt, or even whether the actual judge or jury believed the evidence was sufficient to meet the reasonable-doubt standard, but whether, accepting the fact-finder's credibility determinations and viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt.   <u>Jackson</u>, 443 U.S. at 318-19.  As the Supreme Court stated:

> The question whether the evidence is constitutionally sufficient is of course wholly unrelated to the question of how rationally the verdict was actually reached.  Just as the standard announced today does not permit a court to make its own subjective determination of guilt or innocence, it does not require scrutiny of the reasoning process actually used by the factfinder – if known.

<u>Id.</u> at 319-20 n.13.

Therefore, this Court is not required to attempt to ascertain whether the trial judge actually believed, beyond a reasonable doubt, that forcible compulsion was present.  The trial judge specifically credited the victim's testimony over that of Petitioner.  The victim testified that Petitioner grabbed her and took her to his bedroom, where he removed her clothes, threw her on the bed, held her hands down, and had sexual intercourse with her, all of which she resisted.  The victim's brother corroborated this testimony, and Petitioner admitted that he engaged in sexual activity with the victim.  Accepting the trial court's credibility determinations and drawing all conflicting inferences in favor of the prosecution, as required by <u>Jackson</u>, a rational trier of fact could have found from this evidence that Petitioner forcibly raped the victim.

Additionally, this Court is not persuaded that the trial judge's statement at sentencing amounted to a concession that the rape conviction was on the basis of the victim's age, rather than the existence of force.  In the Rule 37 proceedings, the trial judge explained his statement: "While the court stated that its decision was not based so much on the amount of force used, the decision was influenced on how a person of the victim's age would assess and construe herself as being compelled to perform a sex act against her wishes." He stated that a person the victim's age "would believe that she was being forced to comply with the petitioner's sexual advances." <u>Clay II</u>, <u>supra</u> at 2.  Regardless of whether the victim was thirteen or fourteen, the trial court was certainly entitled to consider the twenty-year age discrepancy in determining the weight to be given the conflicting testimony of the victim and Petitioner.  Under Arkansas law, the age of the victim and the relationship of the victim to the assailant are key factors in weighing the sufficiency of evidence of forcible compulsion, and in determining whether the victim consented to

11

intercourse out of fear of harm.   Sublett v. State, 989 S.W.2d 910, 912 (Ark. 1999); Griswold v. State, 716 S.W.2d 767, 768-70 (Ark. 1986); Fields v. State, 159 S.W.2d 745, 746-47 (Ark. 1942) (all essential elements of rape were proven where twelve-year-old victim testified that appellant grabbed her, threw her down on the ground, removed her clothes, and had intercourse with her, at which time she cried).  In light of this case law and the evidence presented, the trial judge could reasonably infer that the victim did not voluntarily engage in sexual activity with Petitioner.

Petitioner contends that the trial and appellate courts' factual findings regarding age cannot be presumed correct under § 2254(e)(1) and constitute unreasonable determinations of fact under § 2254(d)(2).  It is immaterial whether any erroneous factual findings were made regarding the victim's age because, as stated above, the trial court's conviction and the appellate court's affirmance were based on the evidence of forcible rape, rather than whether the victim was under fourteen.   Therefore, the state court decision was not "based on" an unreasonable determination of facts under § 2254(d)(2).

Petitioner also argues that his conviction was contrary to United States Supreme Court law because it was based on a record lacking any evidence as to a crucial element of the charged offense, again referring to the victim's age, and citing Harris v. United States, 404 U.S. 1232 (1971); Adderley v. Florida, 385 U.S. 39 (1966); Johnson v. Florida, 391 U.S. 596 (1968); Thompson v. Louisville, 362 U.S. 199 (1960); and Stromberg v. California, 283 U.S. 359 (1931).  However, applying the Jackson standard as set forth above, the Court believes that the trial record contains sufficient evidence of forcible sexual intercourse – all that is required by the statute under which Petitioner was charged, tried and convicted.

12

Under these circumstances, Petitioner has not demonstrated that the state court's decision that the evidence was sufficient to support his conviction was contrary to or an unreasonable application of established federal law, or that the decision was based on an unreasonable determination of the facts.  Ground 1 should be dismissed.

### Ground 2: Ineffective Assistance

Next, Petitioner contends that his attorney was ineffective in failing to request conviction of a lesser offense than the charged crime after placing Petitioner on the stand to admit sexual activity constituting the lesser offense.  Respondent contends that this claim is procedurally barred due to Petitioner's failure to comply with the state appellate abstracting rules, which precluded the Arkansas Supreme Court from reaching the merits of the claim in his Rule 37 appeal.

The record shows that Petitioner raised this claim in his Rule 37 petition and it was denied initially as without merit.  The trial court found that, because neither of the suggested lesser offenses (third degree carnal abuse and sexual misconduct) included an element of forcible compulsion, neither was included within the charged offense of forcible rape.  Accordingly, the court found that the attorney's failure to move for conviction on either of those offenses had no impact on the court's convicting Petitioner of forcible rape.  Clay II, supra at 2.  Petitioner appealed the denial, and the Arkansas Supreme Court remanded, stating:

> Because appellant has failed to include the order denying the Rule 37 petition in his addendum *and because appellant's abstract is deficient,* we remand.

Arkansas Supreme Court and Court of Appeals Rule 4-2(8) provides that the appellant's brief shall contain "an Addendum which shall include photocopies of the order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion, from which the appeal is taken." Here, appellant failed to include the order denying his Rule 37 petition in his addendum.

Therefore, appellant has fifteen days from the date of this opinion to file *a substituted abstract,* Addendum, and brief to conform to Rule 4-2.

Clay III, supra at *1 (emphasis added).

Petitioner filed a substituted brief, but the Arkansas Supreme Court found that he had failed to correct the abstracting deficiency, as follows:

In our decision [ordering rebriefing], we indicated that appellant had failed to include the order denying his petition within the addendum and that appellant's abstract was deficient. In response to our decision, appellant filed a substituted brief which is now before us. Despite our indication that appellant's abstract was deficient, appellant has failed to abstract material parts of the record. In fact, the only change that appellant has made to his brief was to include the circuit court's order denying appellant's petition within the addendum.

On appeal, appellant argues that trial counsel was ineffective for failing to request a lesser-included instruction on carnal abuse. Within his argument, appellant refers to comments made by the prosecutor at the original trial and to events occurring at the sentencing hearing. Appellant has not, however, abstracted any portion of the sentencing hearing nor has appellant adequately abstracted material portions of his original trial. Appellant has failed to comply with our abstracting requirements and has failed to demonstrate prejudice. It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted.

Clay IV, supra at *1. Referring to a recent amendment to the state appellate rules, the court noted that Petitioner had been given the opportunity to cure the abstracting deficiencies but had failed to do so. Id. at n.1.

Petitioner then requested rehearing, contending that the Arkansas Supreme Court's first decision was unclear and only directed him to include in his addendum the order being

14

appealed from, as evidenced by the court's reference to Ark. Sup. Ct. R. 4-2(8).  The

supreme court denied rehearing, stating:

> We specifically set out in our decision ... that appellant had failed to
> include the order appealed from in his addendum and that appellant's
> abstract was deficient.  We directed appellant's attention to Ark. Sup. Ct. R.
> 4-2(8) because this is a fairly recent change to our brief requirements.
> However, that direction did not diminish the fact that we found appellant's
> abstract deficient.  In the last paragraph of that decision, we ordered
> appellant to file a substituted abstract, Addendum, and brief to conform to
> Rule 4-2.  At his own risk, appellant chose to maintain the same abstracted
> material as set forth in his first brief despite our indication that the abstract
> was deficient.
>
> Appellant emphasizes that he noted three times in his brief that
> certain factual findings were made by the court of appeals and requested
> that we take judicial notice of those findings so that a lengthy abstract would
> not be necessary.  In an appeal from the circuit court's order denying Rule
> 37 relief, we review the record and do not take judicial notice of findings of
> fact by the court of appeals in order to save the appellant from extensive
> abstracting. Because appellant's petition for rehearing does not call attention
> to any specific errors of law or fact, his petition for rehearing is denied.

Clay V, supra at *1 (citation omitted).

Therefore, due to Petitioner's failure to comply with the appellate abstracting rules,

the Arkansas Supreme Court was never able to review the merits of his ineffective-

assistance claims.

"Out of respect for finality, comity, and the orderly administration of justice," a federal

habeas court is precluded from substantively considering any issue that a state court has

already resolved on an independent and adequate state law ground.  Dretke v. Haley, 541

U.S. 386, 388, 392-93 (2004); Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004),

cert. denied, 74 U.S.L.W. 3203 (2005).  This includes cases in which the state judgment

turns on an independent and adequate state procedural ground, such as a state court

determination that a claim has been lost because of default.  Clemons, 381 F.3d at 750;

see Coleman, 501 U.S. at 729- 30, 750.  Only state rules "firmly established and regularly

followed" are adequate to foreclose review of a federal constitutional claim.  Lee v. Kemna,

534 U.S. 362, 376 (2002).

Petitioner argues that the Arkansas Supreme Court's "arcane abstracting

requirements" are inadequate to foreclose federal habeas relief.  He cites several Arkansas

cases to illustrate his point that the result of an abstracting deficiency is "purely

discretionary," leading to dismissal of some cases by the state appellate courts but

allowance of others to proceed.   He says the result is a "hodgepodge of decision-making,

remarkable for its fluctuating standards" and that the outcome of any particular case is "left

to the whim of the appellate court." He says the result was particularly harsh in his case

because the Arkansas Supreme Court dismissed on the basis of an unidentified

abstracting deficiency.

It is a long-standing practice of the Arkansas appellate courts to limit the record on

appeal to what is abstracted.  Baker v. State, No. CR 04-542, 2005 WL 1041145 (Ark. Sup.

Ct. May 5, 2005); Williams v. State, 56 S.W.3d 360, 364 (Ark. 2001); Neal v. Brandon, 85

S.W. 776, 777 (Ark. 1905) ("no matters will be considered except those properly

abstracted").   This is so because "[i]t is a practical impossibility for seven justices to

examine a single record filed with [the] court." Unum Life Ins. Co. of America v. Edwards,

No. 04-468, 2005 WL 552062 (Ark. Sup. Ct. Mar. 10, 2005).  The appellate courts will not

reach the merits of an issue when the appellant has failed to abstract documents or

proceedings that are necessary for an understanding of the issue.  Baker, supra; $735 in

United States Currency v. State, No. CA 04-812, 2005 WL 668605 (Ark. Ct. App. Mar. 23,

2005).  It is the appellant's duty to abstract "such parts of the record . . . as are material to

16

the points to be argued in the appellant's brief." <u>Wynn v. State</u>, 871 S.W.2d 593 (Ark. 1994).

Accordingly, the Arkansas appellate rules require an appellant to submit an abstract consisting of "an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (2005). For cases in which the record was lodged in the Arkansas Supreme Court or the Arkansas Court of Appeals on or after September 1, 2001, the appellate court – upon finding an appellant's abstract to be deficient – is required to notify the appellant and afford him fifteen days in which to cure any deficiencies. Ark. Sup. Ct. R. 4-2(b)(3). If the appellant fails to file a complying abstract, the lower court's judgment may be affirmed for noncompliance. <u>Id.</u> Although it is unclear when the record was lodged in Petitioner's case, the Arkansas Supreme Court cited the new rule and applied its procedures, notifying Petitioner that his abstract was deficient and giving him fifteen days to cure. <u>Clay III</u>, <u>supra</u> at *1; <u>Clay IV</u>, <u>supra</u> at *1 & n.1.

All of the state cases cited by Petitioner in support of his inadequacy argument dealt with the abstracting rules prior to the September 2001 revision requiring notice and an opportunity to cure any abstracting deficiencies. Before then, the appellate courts were authorized to summarily affirm a case for noncompliance with the appellate rules where the abstract was found to be "flagrantly deficient" and affirming would not be "unduly harsh." Under that procedure, the "vast majority" of cases found to have abstracting deficiencies were summarily affirmed. <u>Baldwin v. Baldwin</u>, 76 S.W.3d 267, 268-69 (Ark.

17

2002).  However, as explained by the Arkansas Supreme Court, "The so-called 'affirmance rule' was essentially eliminated by the amended rule, 'except in the rarest circumstance where the appellant refuses or fails to comply after given the opportunity to cure a deficient abstract, addendum, and brief.'"  Id. at 268.

None of the cases cited by Petitioner stands for the proposition that the Arkansas appellate courts have not consistently applied and regularly followed the procedure under the new abstracting rules requiring notice and an opportunity to cure deficiencies and permitting affirmance where the appellant fails to take advantage of that opportunity.  In fact, in the only published opinion the Court has located where the appellant was ordered to file a substituted abstract pursuant to the new rule but failed to comply, the result was the same as in Petitioner's case: the lower court's decision was affirmed without appellate review of the merits of the presented claims.  Patrick v. State, No. CR 03-696, 2004 WL 1406140 (Ark. Sup. Ct. Dec. 2, 2004) (affirming criminal conviction without reaching merits of appellant's claims due to his failure to correct abstracting deficiencies after having "had his one chance to comply" with the court's previous order directing submission of revised abstract).

In Lee v. Kemna, the United States Supreme Court made clear that, although "[o]rdinarily, a violation of 'firmly established and regularly followed' state rules ... will be adequate to foreclose review of a federal claim," there exists a "small category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee, 534 U.S. at 376. The Supreme Court found that the Lee petitioner's case fit within that limited category and that federal habeas review was not barred by his failure to comply with the Missouri court's

18

rule that motions for continuances had to be in writing.  In making this determination, the Supreme Court relied upon three considerations: (1) whether the procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether the petitioner had "substantially complied" with the rule, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.  Id. at 381-85, 387.

The Court finds that Arkansas' appellate abstracting requirement, as presently circumscribed and as applied in Petitioner's case, constitutes an "adequate" state ground for dismissal and does not fall into the limited category envisioned by Lee.[6]  The Arkansas Supreme Court notified Petitioner of the existence of an abstracting deficiency, gave him the opportunity to correct it, then denied relief on that basis when the deficiency was not cured.  There does not appear to be any reason why the state supreme court would have refused to address the merits had Petitioner filed a corrected abstract.  See Ballard v. Garrett, 78 S.W.3d 73, 75 (Ark. 2002) (where abstracting deficiencies had been corrected, supreme court proceeded to address merits of appeal).  The rule specifically requires the appellate abstract to include "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties" as are necessary to an understanding of the issues presented.  Petitioner's brief referred to statements made by the trial judge during sentencing, statements of the prosecutor during trial, and conflicting

---

[6]Adequacy is a federal question.  Lee, 534 U.S. at 375.

trial evidence regarding the victim's age, (Pet'r Ex. F), none of which was adequately abstracted. The Arkansas Supreme Court's opinion ordering rebriefing expressly noted deficiencies with the addendum *and* the abstract. Nothing in the appellate rules requires the appellate court to set out the deficiencies point by point, especially where, as here, the appellant was represented by counsel. It is reasonable for the state appellate courts to expect an appellant, after being notified that an abstracting deficiency exists, to exercise reasonable diligence in examining his submitted abstract and the appellate rules to ensure full compliance. Inasmuch as Petitioner submitted an abstract identical to the one found deficient, it cannot be said that he substantially complied with the court's order to file a substituted abstract. There are legitimate and long-standing reasons for implementing and enforcing the abstracting requirements, as set forth in the Arkansas cases cited above. Furthermore, there is no evidence that the new rule has been inconsistently applied or enforced.

This is simply not an exceptional case, as envisioned by Lee, where the state has exorbitantly applied its abstracting rules. Therefore, the Court finds that the Arkansas Supreme Court's decision (finding Petitioner's ineffective-assistance claims defaulted due to inadequate abstracting) rests on adequate and independent state law grounds that may not be disturbed on federal habeas review. See Taylor v. Norris, 401 F.3d 883, 885-86 (8th Cir. 2005) (refusing to consider federal habeas claim that the Arkansas Supreme Court had declined to review due to the petitioner's failure to comply with the state's abstracting requirement as it existed before September 2001, and finding that the Arkansas Supreme Court's decision was "supported by independent and adequate state law grounds that we may not disturb").

Moreover, this Court cannot second-guess the state supreme court as to whether the abstract Petitioner submitted there actually complied with the court's own rules.[7]   A federal habeas court "should not consider whether the state court *properly* applied its default rule to [a] claim; federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules." Clemons, 381 F.3d at 750.  If a state court has applied an adequate procedural rule to bar a particular claim, the only questions left for a federal habeas court are whether the petitioner can show (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent of the underlying offense. Id. at 750-51; see Dretke, 541 U.S. at 388; Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 496 (1986).  Cause requires a showing of some impediment, external to the defense, preventing a petitioner from presenting or developing the factual or legal basis of a claim.  Murray, 477 U.S. at 488-89, 492.

Petitioner has not alleged that any external impediment prevented him from properly presenting this claim in his Rule 37 appellate proceedings, where he was represented by counsel.  Because there is no constitutional entitlement to counsel in state post-conviction proceedings, the ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default.  Coleman, 501 U.S. at 752, 757; Taylor v. Bowersox, 329 F.3d 963, 971 n.13 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004).

---

[7]In any event, the disputed abstract has not been submitted in these habeas proceedings.

21

Furthermore, Petitioner makes no assertion of innocence, nor does he present any evidence to that effect.  See Schlup v. Delo, 513 U.S. 298, 324-31 (1995) (actual-innocence exception requires habeas petitioner to support his allegations of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him").

Ground 2 should be dismissed as procedurally barred


Conclusion

Petitioner's claims are without merit or procedurally barred.  Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus should be dismissed in its entirety, with prejudice.

DATED this 31st day of October, 2005.



_____
UNITED STATES MAGISTRATE JUDGE